*Rule nisi.*

---

## CAMERON *v.* SAVAGE and FLETCHER.

### (April Term, 1864.)

1. SERVICE OF PROCESS *from the Supreme Court.* A mere evasion by a defendant in error, of service of a *scire facias* to hear errors, by concealing himself, is not equivalent to actual service.

2. Where actual service cannot be had upon a resident defendant in error, returns of two *nihils* upon writs issued to different terms of court will be regarded as actual personal service.

3. Or, instead of having a return of two *nihils*, the plaintiff in error may proceed under the thirtieth rule, by making publication, and a compliance therewith will enable him to proceed with his cause.

IN this case the return upon the writ of *scire facias* was as follows:

"I have served the within process by reading the same to the within named George W. Savage, on the 6th day of April, A. D. 1864. And the within named Robert Fletcher evaded service of this process by concealing himself so that I could not serve this process upon him.

"DAVID C. RIGGS, *Sheriff, etc.*

"April 11, 1864."

At the April Term, 1864, of this court, Mr. A. G. KIRK-PATRICK, for the plaintiff in error, entered his motion for a rule upon the defendants to join in error.

Per CURIAM: The motion must be denied. There was no service of process upon Fletcher. His mere evasion of service by concealing himself is not equivalent to actual service. In cases where a resident defendant in error cannot be found, so as to enable the officer to serve process upon him, returns of two *nihils* upon writs issued to different terms of the court, will, as by the English practice, be regarded as actual personal service of the process. Here there is but one *nihil*, and that will not authorize a rule upon him to join in error. Instead of having a return of two *nihils*, the plaintiff in error may proceed under the thirtieth rule of this court, by making publication, and a compliance therewith will enable the party to proceed with his cause. There was no attempt to comply with the rule in this case.

*Motion denied.*